**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OLIVIA DENISE DRAYTON,

        Plaintiff,

v.

        Case No. 8:13-cv-1554-T-24-TBM

THERESA VALDEZ and BANK OF
AMERICA CORPORATION,

        Defendants.
_____/

**ORDER**

This cause comes before the Court upon Defendant Bank of America Corporation's Motion to Dismiss (Dkt. 4) and Defendant Theresa Valdez's Motion to Dismiss (Dkt. 23), which Plaintiff Oliva Denise Drayton opposes (Dkts. 8, 29). Also before the Court is Plaintiff's Motion to Remand (Dkt. 30), which Defendants oppose (Dkt. 32), and Plaintiff's Motion to Amend Complaint (Dkt. 33). Defendants filed a response in opposition to Plaintiff's motion to amend (Dkts. 34), and Plaintiff filed a reply (Dkt. 37).

**I.   BACKGROUND**

In October 2012, Plaintiff Olivia Denise Drayton went to cash a check at a Bank of America branch. (Dkt. 2.) When the bank teller told Drayton that it would take five days for the check to clear, Drayton decided not to cash her check and left. On the same day, someone cashed a fraudulent check. Defendants Bank of America Corporation ("Bank of America") and Theresa Valdez, a Bank of America employee, provided the Hillsborough County Sheriff's Office ("HSCO") with surveillance videos and pictures taken of Drayton, stating that Drayton had cashed the fraudulent check. In March 2013, Drayton was arrested and charged with grand theft, uttering a forged instrument, and criminal use of personal identification.

On April 25, 2013, Drayton filed a complaint against Defendants in state court, alleging that she was wrongfully arrested based on the video and pictures that Defendants provided HSCO. Drayton's complaint alleges claims for negligence, gross negligence, negligent and intentional infliction of emotional distress defamation, malicious prosecution, and negligent hiring. The complaint also alleges that Drayton and Valdez are Florida residents, Bank of America is a corporation registered in North Carolina, and damages exceed $15,000.

On June 14, 2013, Bank of America filed a notice of removal under 28 U.S.C. §1331.[1] (Dkt. 1.) The notice asserts federal question jurisdiction based on the Annunzio-Wiley Anti-Money Laundering Act, 31 U.S.C. § 5318(g)(3) ("Annunzio-Wiley Act"), which grants financial institutions immunity from liability for certain disclosures. (*Id*.) Bank of America also filed a motion to dismiss Drayton's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, *inter alia*, that the bank was immune from liability under the Annunzio-Wiley Act. (Dkt. 4.)

This Court *sua sponte* raised the issue of whether complete preemption applied under the Annunzio-Wiley Act in order to furnish subject matter jurisdiction under § 1331 and ordered Bank of America to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (Dkt. 19.) On October 17, 2013, Valdez filed a Rule 12(b)(6) motion to dismiss Drayton's complaint.[2] (Dkt. 23.) On October 23, 2013, Defendants filed an amended notice of removal under 28 U.S.C. § 1332. (Dkt. 24.) On the same day, Bank of America filed a response to the Court's order to show cause. (Dkt. 25.) Instead of providing a substantive response to the issue raised in the Court's order, Bank of America asserted that jurisdiction alternatively existed under § 1332, and directed the Court to Defendants' amended notice of removal. (*Id*.)

---

[1] Bank of America was served on May 15, 2013.
[2] Valdez was served on September 19, 2013.

Defendants' amended notice of removal asserts that this Court has diversity jurisdiction and removal is timely. (Dkt. 24.) Specifically, diversity jurisdiction was first ascertainable from Drayton's Rule 26 disclosures, which lists a Phoenix, Arizona address for Valdez and asserts damages over million dollars. The Rule 26 disclosures were provided on October 11, 2013, and the amended notice was filed 30 days thereafter. The amended notice concludes that diversity jurisdiction exists because the parties are diverse—Drayton is a Florida resident, Bank of America is North Carolina citizen, and Valdez is an Arizona resident—and the amount in controversy exceeds $75,000. (*Id.*)

Drayton filed a reply to Bank of America's response to the Court's show cause order, arguing that removal was improper and the action should be remanded. (Dkt. 27.) Drayton argues that a defense based on the Annunzio-Wiley Act does not give rise to federal question jurisdiction. Drayton also argues that there is no diversity jurisdiction because her complaint does not establish that the amount in controversy exceeds $75,000. Finally, Drayton asserts that she intends to join HSCO as an indispensable party to this action, which would destroy diversity of citizenship.[3]

Drayton then filed a motion to remand, raising her above arguments that removal was improper. (Dkts. 30, 31.) In their opposition to remand, Defendants argue that they need not address the federal question issue raised by the original notice of removal because their amended notice of removal supersedes the original notice. (Dkt. 34.) Defendants also argue that their amended notice is proper because it establishes diversity jurisdiction and is timely. Finally, Defendants argue that it would be improper to remand based on the mere prospect of diversity being destroyed by HCSO's joinder.

---

[3] Drayton stated she intended, but had not added, HCSO as a party because the statutory notice period of Florida Statutes, Section 768.28(6)(d) had not lapsed. Fla. Stat. § 768.28(6) ("An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also . . . and the Department of Financial Services or the appropriate agency denies the claim in writing. . . . [T]he failure of the Department of Financial Services or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section.").

On December 2, 2013, Drayton filed a motion for leave to file an amended complaint to add seven state-law claims—negligence, gross negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent hiring, training & supervision, defamation, malicious prosecution, false imprisonment—and three 42 U.S.C. § 1983 claims against HCSO. (Dkts. 33, 33-1.) Defendants oppose the amendment, arguing that the proposed new claims against HCSO are futile. (Dkt. 34.) Drayton filed a reply. (Dkt. 37.)

The Court will first address Drayton's motion to remand the action for improper removal before addressing the remaining motions.

## II.  DISCUSSION

### A.  <u>Motion to Remand</u>

In her motion to remand, Drayton contends the Court should remand for lack of subject matter jurisdiction because her complaint does not give rise to a federal question. This issue was explained in the Court's *sua sponte* show cause order, which it incorporates here. (Dkt. 19.) Bank of America's original notice of removal was based solely on § 1331, which provides that federal courts have original jurisdiction over actions "arising under" federal law. However, Drayton's complaint, stating only state law tort claims, reveals no federal question.

Although a finding of complete preemption recasts state law claims into ones arising under federal law, complete preemption does not exist based on a defense under the Annunzio-Wiley Act. (*Id.*) It is not enough to find that ordinary preemption exists, the state law claims must be completely preempted—*i.e.,* Congress must have completely preempted state law through the enactment of comprehensive federal legislation. (*Id.*) The Court found no authority, and Bank of America provided none, showing Congress intended the Annunzio Wiley Act to completely preempt state law claims. (*Id.*) Thus, at the time of Bank of America's original notice of removal, this Court lacked subject matter jurisdiction based on federal question under § 1331.

However, simultaneously with Bank of America's response to the Court's show cause order, Defendants Bank of America and Valdez filed an amended notice of removal. The amended notice is based solely on diversity jurisdiction, which is completely different than the jurisdictional basis originally asserted. Given this amended notice of removal, to the extent Drayton's remand motion seeks remand based on the lack of federal question jurisdiction, it is denied as moot.

Drayton's motion to remand also asserts that the complaint does not allege damages over $75,000. Drayton notably does not argue that the amount in controversy is less than $75,000; rather, she appears to believe the Court can properly remand because the amended notice of removal relies on her Rule 26 disclosures rather than her complaint allegations. However, Defendants are not limited to Drayton's complaint. *See* 28 U.S.C § 1446(b)(3) (providing that removability may be based on an amended pleading, motion, order, or other paper). To the extent Drayton's motion to remand seeks remand based on the lack of complaint allegations alleging that the amount in controversy exceeds $75,000, it is denied.

Finally, Drayton's motion to remand appears based on her intent to join HCSO as a defendant. Notably, Drayton does not contend the action should be remanded based on a lack of diversity jurisdiction—*i.e.,* she does not argue that there is a lack of diversity among Drayton, Bank of America, and Valdez, or that the amount in controversy is below $75,000. Drayton contends remand is proper based on the possibility that diversity jurisdiction will be destroyed when she joins HCSO. However, Drayton's complaint does not allege any claims against HCSO, and Drayton cites no authority for her proposition that remand may be based on a nonparty's citizenship.[4] To the extent Drayton's remand motion requests this Court to remand based on the citizenship of HCSO, who is not a defendant to Drayton's complaint, it is denied.

---

[4] Further, as discussed next, it turns out that joining HCSO would not destroy subject matter jurisdiction because the joinder of HCSO will cause the addition of federal § 1983 claims.

Accordingly, for the reasons stated above, the Court denies Drayton's motion to remand.

### B.     Motion for Leave to File An Amended Complaint

Having found that the Court has subject matter jurisdiction to proceed, the Court now turns to Drayton's motion to file an amended complaint that adds HCSO as a party and new state and federal claims against HCSO. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendants' sole provided reason for opposing amendment is futility. Defendants argue that amendment would be futile because the claims against HCSO would not withstand a motion to dismiss or a summary judgment. Defendants contend that Drayton's state law and § 1983 claims against HCSO fail based on, *inter alia*, sovereign immunity and qualified immunity grounds. However, at this stage, the Court is not in a position to determine whether the claims against HCSO are futile, and finds that issues of immunity are better addressed in a motion to dismiss. Therefore, the Court declines to address Defendants' futility arguments regarding Drayton's claims against HCSO and grants Drayton's motion to amend.

The Court notes that Defendants' opposition appears to stem from their belief that Drayton's motion to amend "is an obvious attempt to defeat diversity jurisdiction . . . . to improperly remand this matter to state court." (Dkt. 34.) The Court disagrees. Drayton has explained that she always intended to add HCSO as a defendant but had to wait for the statutory notice period to lapse. Further, Drayton's proposed amended complaint adds § 1983 claims against HCSO, which provides federal question jurisdiction. Thus, despite destroying diversity

jurisdiction, the amendment would not destroy subject matter jurisdiction because it adds federal § 1983 claims against HCSO.

Finally, Drayton's reply to Defendants' response in opposition to amendment was filed without leave of Court in violation of Middle District of Florida Local Rule 3.01(c). (Dkt. 37.) Accordingly, Drayton's reply will be stricken.

### III. CONCLUSION

Accordingly, it is ORDERED and ADJUDGED that:

A. Drayton's Motion to Remand (Dkt. 30) is **DENIED**;

B. Drayton's Reply to Defendants' Response to Plaintiff's Motion for Leave to Amend (Dkt. 37) is **STRICKEN**;

C. Drayton's Motion For Leave to File Amended Complaint (Dkt. 33) is **GRANTED**;

D. Bank of America's Motion to Dismiss (Dkt. 4) is **DENIED** as moot;

E. Valdez's Motion to Dismiss (Dkt. 23) is **DENIED** as moot; and

F. Drayton shall file her Amended Complaint (Dkt. 33-1) by January 14, 2014.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of January, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties