**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OLIVIA DENISE DRAYTON,

        Plaintiff,

v.    Case No. 8:13-cv-1554-T-24-TBM

THERESA VALDEZ, et al.,

        Defendants.

_____/

## ORDER

This cause comes before the Court on the Motion to Dismiss filed by Defendant Sheriff David Gee of Hillsborough County Sheriff's Office (Dkt. 54), which Plaintiff Olivia Denise Drayton opposes (Dkt. 59).

**I.     BACKGROUND**

On October 5, 2012, Plaintiff went to cash a check at one of Defendant Bank of America Corporation's ("Bank of America") branches. When Plaintiff learned that it would take five days for her check to clear, she left without cashing her check. At the same time, someone else cashed a fraudulent check at the same Bank of America branch.

After discovering a check had been fraudulently cashed, Defendant Theresa Valdez, a Bank of America employee, viewed the surveillance video/photographs of Plaintiff—a black female wearing medical scrubs—and determined that Plaintiff was the one who cashed the fraudulent check. Valdez provided the video/photographs to the Hernando County Sheriff's Office, stating that the photographs showed the person who cashed the fraudulent check.

The investigation was transferred to Defendant Hillsborough County Sheriff's Office ("HCSO") because the Bank of America branch was in its jurisdiction. The assigned HCSO

detective, Laura Pekarek, found that the surveillance photographs were blurry and requested clearer copies, which Valdez provided. After Detective Pekarek placed an alert through HCSO with Plaintiff's picture, another HCSO detective identified Plaintiff as the person in the picture.

On March 2, 2013, HCSO Deputy Stephen Hoopes went to Plaintiff's residence, where he arrested, handcuffed, and placed her in the patrol vehicle in front of her children and mother. Plaintiff was charged with grand theft, uttering a forged instrument, and criminal use of personal identification. Plaintiff was taken to jail, where she remained for ten hours until being released on a $600 bond.

On March 4, 2013, Detective Pekarek spoke with another Bank of America employee, Denise Smith, and together they watched the full surveillance video from October 5, 2012, which showed the fraudulent check was cashed not by Plaintiff but by a person in the drive-through lane outside the lobby of the Bank of America branch. Defendants did not view the full video prior to determining Plaintiff fraudulently cashed the check. All charges against Plaintiff were dropped.

In April 2013, Plaintiff sued Bank of America and Valdez in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging numerous tort claims pursuant to Florida law. Bank of America removed the action to this Court. In January 2014, the Court granted Plaintiff's motion for leave to file an amended complaint, which added claims pursuant to state law and 42 U.S.C. § 1983 against Sheriff David Gee in his official capacity as Sheriff of HCSO. (Dkt. 40.)

Sheriff Gee now moves to dismiss the state and federal claims that Plaintiff has alleged against him.[1] (Dkt. 54.) As explained next, the Court dismisses Plaintiff's federal § 1983 claims against Sheriff Gee, and declines to exercise supplemental jurisdiction over her state law claims.

---

[1] Plaintiff then moved for leave to file a second amended complaint. (Dkt. 59.) However, the Court denied that motion, finding that Plaintiff's proposed second amended complaint merely copied her factual allegations under each count and was otherwise substantively the same as her first amended complaint. (Dkt. 60.)

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir. 2000) (citation omitted). While a claimant need not plead in detail the facts upon which the claim is based, Rule 8(a)(2) requires a short and plain statement showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is met only if the alleged facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff cannot rely on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the "doors to discovery" will not open "for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.

## III. DISCUSSION

### A. Plaintiff's § 1983 Claim: Count XXIV (Policies, Customs and Practices)

Count XXIV of Plaintiff's amended complaint alleges Sheriff Gee violated § 1983 by "implement[ing] careless and reckless policies, customs, or practices," which allowed his employees to conduct investigations in a manner that was not "race neutral" and to make arrests without fully investigating "probable cause as to whether Plaintiff committed the crimes." (Dkt. 40 ¶ 156.) Plaintiff alleges the failure to adequately train and supervise HCSO's detectives and deputies amounts to a deliberate indifference of her constitutional rights. (*Id*. ¶ 157.)

Sheriff Gee moves to dismiss Count XXIV, arguing that Plaintiff's allegations are conclusory and fail to sufficiently allege the existence of customs or policies that caused her constitutional violations. In response, Plaintiff argues that dismissal would be premature because discovery is ongoing.

"To impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted). "Municipal custom or policy may include a failure to provide adequate training if the deficiency evidences a deliberate indifference to the rights of its inhabitants." *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (quotation omitted). Establishing deliberate indifference requires showing that "the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.* (quotation omitted). A municipality may be put on notice if it is aware that a pattern of constitutional violations exists or the likelihood for a constitutional violation is so high that the need for training would be obvious. *Id.*

Plaintiff's amended complaint contains conclusory allegations, which cannot survive a motion to dismiss. Although Plaintiff contends HCSO failed to train and had "policies, customs, or practices" of allowing arrests without investigating probable cause and without conducting investigations in a race neutral manner, she alleges no facts supporting a plausible inference that such a policy or custom existed. Nor does Plaintiff provide factual allegations that would support a plausible inference that HCSO was on notice of a need to train or supervise but chose not to.

Rather, Plaintiff solely relies on the alleged conduct in this particular instance. However, as this Court has previously explained:

> Plaintiff's conclusory allegations are not sufficient to state a § 1983 claim against a local governmental entity. *See Barr v. Gee,* 437 Fed. Appx. 865, 874-75 (11th Cir. 2011). Instead, Plaintiff must allege facts that support a plausible inference that a custom or policy existed. *See id.* Furthermore, a single incident cannot support a plausible inference that a custom or policy existed. *See id.* at 875; *Vouchides v. Houston Community College System,* 2011 WL 4592057, at *14 (S.D.Tx. Sept. 30. 2011); *Arroyo v. Judd,* 2010 WL 3044053, at *2 (M.D.Fla. July 30, 2010).

*Chery v. Barnard*, 2012 WL 439129, at *4 (M.D. Fla. Feb. 10, 2012) (holding that "Plaintiff has failed to sufficiently allege his § 1983 claims against the City" because "the only allegations regarding such a policy or custom is Plaintiff's conclusory allegations that the City had a policy and custom of not adequately verifying warrants before it arrested and detained people"). Because the alleged actions in this single incident do not support a plausible inference that HCSO's existing official policy or custom caused the alleged constitutional violations, Plaintiff fails to state a § 1983 claim for municipal liability. *Id.*; *see also Hall v. Smith*, 170 F. App'x 105, 107-08 (11th Cir. 2006), *Hill v. Lee Cnty. Sheriff's Office*, 2012 WL 4356816, at *8 (M.D. Fla. Sept. 24, 2012), *Granger v. Williams*, 2012 WL 1004843, at *3 (M.D. Fla. Mar. 26, 2012), *Ramirez v. Hillsborough Cnty. Sheriff's Office*, 2011 WL 976380, at *6 (M.D. Fla. Mar. 18, 2011). Accordingly, Count XXIV of the amended complaint is dismissed without prejudice.

### B. Remaining § 1983 Claims: Count XXIII and Count XXV

Count XXV alleges that HCSO violated Plaintiff's constitutional rights by falsely arresting her "with no basis in fact or law to do so." (Dkt. 40 ¶ 161.) Sheriff Gee moves to dismiss this count, arguing that Plaintiff has failed to allege that HCSO has an official policy of encouraging false arrests, and that the existence of probable cause bars Plaintiff's false arrest claim. In response, Plaintiff argues that there was no probable cause for her arrest.

However, as discussed above, in order to state a § 1983 claim for municipal liability, Plaintiff must allege facts supporting a plausible inference that HCSO's policies or customs caused her constitutional violations. Here, Plaintiff does not allege a policy or custom in existence that caused her alleged false arrest. Because Plaintiff's amended complaint lacks the policy or custom allegations that form the necessary predicate of municipality liability under § 1983, Count XXV of Plaintiff's amended complaint fails and is dismissed without prejudice.

In Count XXIII, Plaintiff alleges that HCSO violated Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights by deciding to arrest her based on her race and before watching the full surveillance video. (Dkt. 40 ¶ 153.) In her response to Sheriff Gee's motion to dismiss, Plaintiff agrees to withdraw this count. Accordingly, Count XXIII of Plaintiff's amended complaint is dismissed with prejudice.

### C. Supplemental Jurisdiction Over State Law Claims

In addition to Plaintiff's § 1983 claims, Plaintiff's amended complaint alleges 21 state law claims against Bank of America, Valdez, and Sheriff Gee. Although the Court has supplemental jurisdiction over these state law claims, *see* 28 U.S.C. § 1367(a), it has discretion to decline exercising that jurisdiction after dismissing all claims over which it had original jurisdiction, *see* 28 U.S.C. § 1367(c). "[C]onsiderations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997).

Section 1367(c) applies here because the Court has dismissed Plaintiff's § 1983 claims, the only federal claims providing this Court with original jurisdiction. Diversity jurisdiction does not exist because Plaintiff and Sheriff Gee are both Florida citizens. (Dkt. 40 ¶¶ 2, 5.) The Court declines to exercise supplemental jurisdiction over the remaining state law claims, because the

Court finds that "judicial economy, fairness, convenience, and comity dictate having these state law claims decided by the state courts." *Baggett,* 117 F.3d at 1353. Specifically:

> State courts, not federal courts, should be the final arbiters of state law. *Hardy v. Birmingham Bd. of Educ.,* 954 F.2d 1546, 1553 (11th Cir. 1992). When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court finds that the state law claims remaining in this action are best resolved by the [state] courts. This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial.

*Id*.

Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against Bank of America, Valdez, and Sheriff Gee. *See King v. Lumpkin*, 2013 WL 5629762, at *4 (11th Cir. Oct. 16, 2013) (district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims following dismissal of § 1983 claim); *Jallali v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*, 518 F. App'x 863, 867 (11th Cir. 2013) (same). Because this case was originally filed in state court and removed to this Court, Plaintiff's remaining state law claims are remanded to state court. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) ("[I]f the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court."); *Ingram v. Sch. Bd. of Miami-Dade Cnty.*, 167 F. App'x 107, 109 (11th Cir. 2006).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

A. Defendant Sheriff Gee's Motion to Dismiss (Dkt. 54) is **GRANTED IN PART AND DEFERRED IN PART.** Sheriff Gee's motion is **GRANTED** to the extent that Counts XXIV and XXV are dismissed without prejudice and Count XXIII is dismissed with prejudice. The remainder of Sheriff Gee's motion is **DEFERRED**

        to the extent that it shall be carried with the case on remand and determined by the state court.

B.    The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to close this case.

**DONE AND ORDERED** in Tampa, Florida, this 14th day of March, 2014.

                                          SUSAN C. BUCKLEW
                                          United States District Judge

Copies To: Counsel of Record